UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BADR DHAIFALLAH AHMED MOHAMMED;<br>YOUSEF BADR DHAIFALLAH AHMED MOHAMED;<br>MAHA ABDULHAMEED MOHAMMED ALMAWRI;<br>MURAD KHALED ALI;<br>WALEED MUSAED QASEM MOHAMMED;<br>MAGED WALEED MUSAED QASEM;<br>ANWAR SALEH NAGI;<br>RIFAQ ANWAR SALEH NAGI ALEAZZALI;<br>KHALED ANWAR NAGI ALEAZZALI;<br>ASHAWQ MOHAMMED AYEDH AHMED;<br>SABA ALI ALI SAAED;<br>YOUSEF AHMED MOHAMED SAAD;<br>NAWAR AHMED MOHAMED SAAD;<br>IBRAHIM AHMED MOHAMED SAAD;<br>MOHAMED AHMED MOHAMED SAAD;<br>ABDULATEF ABDO MUTHANNA HAILAN;<br>DIYAZAN ALI SAEED;<br>SAHAR SALEM AHMED;<br>NASLAH H A SAEED;<br>ALI MOHSEN SAEED;<br>SAIF DIYAZAN ALI MOHSEN;<br>SARAH FADEL MUTHANA SAIF; | Case No. CV 17-00786 AB (PLAx)<br><br>**ORDER GRANTING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION** |

1.

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20 | OMAR ALI MOHSEN MURSHED;<br>BASSAM ALI MOHSEN MURSHED;<br>NADHRA SALEH ALZEER;<br>MUHRAH MOHSEN SALEH<br>MOQBEL SALEH;<br>QASEM ABDULRAHMAN SALEM<br>AL-HASANI;<br>MUNA O AL SAKKAF,<br><br>              Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>UNITED STATES DEPARTMENT<br>OF HOMELAND SECURITY;<br>UNITED STATES CITIZENSHIP<br>AND IMMIGRATION SERVICES;<br>UNITED STATES DEPARTMENT<br>OF STATE;<br>UNITED STATES CUSTOMS AND<br>BORDER PATROL;<br>DONALD J. TRUMP, in his official<br>capacity as President of the United<br>States of America;<br>DANA J. BOENTE, in his official<br>capacity as the Acting Attorney<br>General of the United States;<br>JOHN KELLY, Secretary of the<br>Department of Homeland Security;<br>LORI SCIALABBA, Acting Director<br>of U.S. Citizenship and Immigration<br>Services; KEVIN K. McALEENAN, in<br>his official capacity as Acting<br>Commissioner of U.S. Customs and<br>Border Patrol,<br><br>              Defendants. | |

Before the Court is Plaintiffs' Motion for Temporary Restraining Order And/Or Preliminary Injunctive Relief. (Dkt. No. 3.) Upon consideration of the Complaint (Dkt. No. 1), the Motion, and the supporting declarations (Dkt. Nos. 4, 5), for Good Cause Shown, the Court hereby **GRANTS** the Motion.

2.

**DISCUSSION**

A temporary restraining order ("TRO") is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). The purpose of a TRO is to preserve the status quo before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda City.*, 415 U.S. 423, 439 (1974). Federal Rule of Civil Procedure 65 governs the issuance of TROs and preliminary injunctions, and courts apply the same standard to both. *Frontline Med. Assocs., Inc. v. Coventry Healthcare Workers Comp., Inc.*, 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009).

A party seeking preliminary injunctive relief must satisfy one of two tests. Under one test, the party must establish that he is (1) likely to succeed on the merits of his claims, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

Under the alternative test, a party must show "'serious questions going to the merits' [,] a balance of hardships that tips sharply toward the plaintiff," a likelihood of irreparable harm, and that the injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011). A "serious question" is one on which the movant "has a fair chance of success on the merits." *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir. 1984).

The Court finds that Plaintiffs have satisfied these standards and that a TRO should issue. Plaintiffs have satisfied the first test because they have shown that they are likely to succeed on the merits of claims that would entitle them to relief; Plaintiffs are likely to suffer irreparable harm in the absence of preliminary relief; the balance of equities favors Plaintiffs; and an injunction is in the public interest. Plaintiffs have also satisfied the "alternative" test: they have established at least a serious question going to

the merits of their claims; that the balance of hardships tips decisively in their favor; and, as noted as to the first test, a likelihood of irreparable harm and that an injunction is in the public interest.

**IT IS HEREBY ORDERED THAT:**

1. Defendants and their officers, agents, employees, attorneys, and all persons acting in concert or participating with them, are **ENJOINED AND RESTRAINED** from enforcing Defendant President Donald J. Trump's January 27, 2017 Executive Order by removing, detaining, or blocking the entry of Plaintiffs, or any other person from Iran, Iraq, Libya, Somalia, Sudan, Syria and Yemen with a valid immigrant visa;
2. Defendants, and Defendant United States Department of State in particular, are hereby **ENJOINED AND RESTRAINED** from cancelling validly obtained and issued immigrant visas of Plaintiffs;
3. Defendants, and Defendant United States Department of State in particular, are hereby **ORDERED** to return to Plaintiffs their passports containing validly issued immigrant visas so that Plaintiffs may travel to the United States on said visas; and
4. Defendants are hereby **ORDERED** to **IMMEDIATELY** inform all relevant airport, airline, and other authorities at Los Angeles International Airport and International Airport in Djibouti that Plaintiffs are permitted to travel to the United States on their valid immigrant visas.

Unless otherwise agreed upon by the parties:
- Plaintiffs shall file any **supplemental brief** in support of their motion for preliminary injunction **by February 2, 2017**.
- Defendants shall file their **opposition by February 5, 2017**.
- Plaintiffs shall file their **reply by February 8, 2017**.
- Defendants shall appear on **February 10, 2017 at 10:00 a.m.** to show cause why

1 | the preliminary injunctive relief sought in the Ex Parte Application for Temporary
2 | Restraining Order And/Or Preliminary Injunction should not be granted.

3 **IT IS SO ORDERED.**

5 Dated: January 31, 2017   _____
6 HONORABLE ANDRÉ BIROTTE JR.
7 UNITED STATES DISTRICT COURT JUDGE

5.