UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-00786 SJO (GJSx) | Date | March 2, 2017 |
|---|---|---|---|
| Title | Badr Dhaifallah Ahmed Mohammed et al v. United States of America et al | | |

Present: The Honorable    JAMES OTERO, Judge presiding

| Victor Cruz | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      IN CHAMBERS

This matter is before the Court on Plaintiffs' Ex Parte Application for Reconsideration of Court's Order Extending Defendants' Time to Respond to First Amended Complaint and Hearing on Motion for Class Certification ("Application"), filed March 1, 2017.  In their Application, Plaintiffs argue that because "[t]ime is of the essence" for the putative class members, the Court should require Defendants to respond to their First Amended Complaint ("FAC") by April 7, 2017 and to oppose their Motion to Certify Class ("Motion") by March 27, 2017.  (See generally Appl., ECF No. 67.)  In support of this argument, Plaintiffs cite to evidence indicating, among other things, that a number of putative Plaintiff 2s are children in Djibouti who lack adequate protection or supervision such that extreme financial and emotional tolls have been taken on their families.  (See Decl. Julie Goldberg in Supp. Appl. ¶¶ 6-7, ECF No. 67-1.)  These averments, however, do not suggest that the relief requested by Plaintiffs is appropriate.

At the heart of Plaintiffs' modified case is whether Plaintiff 2s, who allegedly each had I-130 Petitions filed by Plaintiff 1s approved, but not finalized, can compel the Government to have their visa applications reinstated for processing on a timeline identical, or at least similar, to what existed prior to the January 27, 2017 Executive Order ("EO") issued by President Trump.  (See generally FAC, ECF No. 58.)  This question is meaningfully distinct from the question at the heart of Washington v. Trump, No. 17-cv-00141-JLR (W.D. Wash.), which centered on allegations that lawful permanent residents ("LPRs") from the seven countries implicated in the EO who held lawfully issued green cards had their constitutional rights violated by the EO.  Moreover, the allegations in Plaintiffs' FAC are meaningfully distinct from those contained in their initial Complaint, not only in terms of the number of putative class members, but also in the nature of the relief requested.  (Cf. Appl. 3-4 ["The factual allegations have merely been modified, not completely altered."].)  Indeed, although Plaintiffs claim that "Defendants are well aware of the nature and extent of Plaintiffs' claims and the factual allegations supporting them," Plaintiffs fail to acknowledge the reality that an effective opposition to a motion for class certification concerning Yemeni citizens at various stages of the visa application process will require more than de minimis discovery efforts on the part of the Government.  Indeed, Plaintiffs fail to cite to Mr. Go's February 27, 2017 declaration, in which he avers that the initial deadlines to respond to the FAC and Motion were "inadequate to request visa records from offices located both in the United States in abroad, [were] inadequate to investigate factual allegations regarding Defendants' past conduct in processing said visas, and [were] inadequate to consult and coordinate a response with several agencies named as defendants in this action."  (Decl. Samuel P. Go in Supp. Defs.' Ex Parte Appl. to Extend Time to Respond to FAC and Hr'g on Mot. ¶ 6, ECF No. 64-1.)  Finally, although Plaintiffs argue that "Defendants are not in complete compliance with the TRO" issued by Judge Robart in Washington v. Trump, No. 17-cv-00141-JLR (W.D. Wash.), they provide no evidence to support this assertion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-00786 SJO (GJSx) | Date | March 2, 2017 |
|---|---|---|---|
| Title | Badr Dhaifallah Ahmed Mohammed et al v. United States of America et al | | |

(Cf. Appl. 3.)  To the extent Plaintiffs have evidence that Defendants have continued to enforce Sections 3(c), 5(a), 5(b), 5(c), or 5(e) of the EO in violation of Judge Robart's temporary restraining order, they can request the appropriate relief by bringing such evidence to the Court.

For all of these reasons, the Court DENIES Plaintiffs' Ex Parte Application for Reconsideration of Court's Order Extending Defendants' Time to Respond to First Amended Complaint and Hearing on Motion for Class Certification.  The deadlines set forth in the Court's March 1, 2017 Order remain firm.

|  | : | 0/00 |
|---|---|---|
| Initials of Preparer | | vpc |